**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No.  07-32975

JACK RILEY BUTTURINI, JR.
d/b/a MARTIAL ARTS AMERICA
f/d/b/a JACK BUTTURINI AMERICAN KARATE
f/d/b/a BUTTURINI FAMILY KARATE
KATHARINE BROWN BUTTURINI

        Debtors


**MEMORANDUM ON OBJECTION BY TRUSTEE
   TO DEBTORS' HOMESTEAD EXEMPTION**


**APPEARANCES:**    LAW OFFICES OF MAYER & NEWTON
    John P. Newton, Jr., Esq.
    Richard M. Mayer, Esq.
    1111 Northshore Drive
    S-570
    Knoxville, Tennessee  37919
    Attorneys for Debtors

    HODGES, DOUGHTY & CARSON, PLLC
    Dean B. Farmer, Esq.
    Post Office Box 869
    Knoxville, Tennessee  37901-0869
    Attorneys for Chapter 7 Trustee


**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court upon the Objection by Trustee to Debtors' Schedule C Exemptions (Objection to Exemptions) filed by the Chapter 7 Trustee, Dean B. Farmer (Trustee), on October 26, 2007, objecting to the $50,000.00 homestead exemption claimed by the Debtors. The Debtors filed a Response to Trustee's Objection to Schedule C Exemptions (Response) on November 2, 2007, arguing that Tennessee's homestead exemption statute, as recently amended, entitles each of them to claim a $25,000.00 homestead exemption in their jointly-owned residence.

A preliminary hearing was held on December 6, 2007, at which time the parties agreed that the issues would be resolved on stipulations and briefs. Joint Stipulations of Facts were filed on December 20, 2007.[1] The Debtors filed their Brief on December 21, 2007, and the Trustee filed his Brief on January 3, 2008. Thereafter, on January 7, 2008, the court entered an Agreed Order Amending Pre-Trial Order and Extending the Schedule for Supplemental Brief, restating the issues and allowing the parties additional time to file supplemental briefs. On January 11, 2008, the Debtors and the Trustee each filed a supplemental brief.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) and (O) (2005).

# I

The Debtors filed the joint Voluntary Petition commencing their bankruptcy case under Chapter 7 on September 13, 2007. Their residence, which they own as tenants by the entirety, is located at 1690 Sandy Shore Drive, Lenoir City, Tennessee (Residence), and has a stipulated current

---

[1] The court also takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of material undisputed facts of record in the Debtors' bankruptcy case file.

market value of "at least" $550,000.00. The Debtors claim a homestead exemption in the Residence in the amount of $50,000.00 grounded, generally, on Tennessee Code Annotated section 26-2-301.[2]

Pursuant to the January 7, 2008 Agreed Order Amending the Pre-Trial Order, the issues before the court are as follows:

> Are the Debtors limited to a second[3] homestead exemption as set forth in T.C.A. § 26-2-301(a) or are they entitled to assert a homestead exemption as set forth in T.C.A. § 26-2-301(f)? If T.C.A. § 26-2-301(f) is applicable, are the Debtors limited to a $25,000.00 exemption or may they claim a $50,000.00 exemption?

## II

Tennessee's homestead exemption statute, as material to the issues before the court, provides as follows:

> (a) An individual, whether a head of family or not, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by the individual or the individual's spouse or dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000); provided, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead exemptions, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500), which shall be divided equally among them in the event the homestead exemptions are claimed in the same proceeding; provided, if only one (1) of the joint owners of real property used as their principal place of residence is involved in the proceeding wherein homestead exemption is claimed, then the individual's homestead exemption shall be five thousand dollars ($5,000). The homestead exemption shall not be subject to execution, attachment, or sale under legal proceedings during the life of the individual. Upon the death of an individual who is head of a family, any such exemption shall inure to the benefit of the

---

[2] Pursuant to the parties' Joint Stipulations of Facts, the Residence is encumbered with a mortgage of "approximately" $510,000.00, thus leaving equity of $40,000.00, more or less.

[3] The court considers the word "second" here to be superfluous and believes that this initial phrase should read: "Are the Debtors limited to a homestead exemption as set forth in T.C.A. § 26-2-301(a) . . . ."

3

>    surviving spouse and their minor children for as long as the spouse or the minor children use such property as a principal place of residence.
>
>    (b) If a marital relationship exists, a homestead exemption shall not be alienated or waived without the joint consent of the spouses.
>
>    . . . .
>
>    (e) Notwithstanding the provisions of subsection (a) to the contrary, an unmarried individual who is sixty-two (62) years of age or older shall be entitled to a homestead exemption not exceeding twelve thousand five hundred dollars ($12,500) upon real property that is owned by the individual and used by the individual as a principal place of residence; a married couple, one (1) of whom is sixty-two (62) years of age or older and the other of whom is younger than sixty-two (62) years of age, shall be entitled to a homestead exemption not exceeding twenty thousand dollars ($20,000) upon real property that is owned by one (1) or both of the members of the couple and used by the couple as their principal place of residence; and a married couple, both of whom are sixty-two (62) years of age or older, shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) upon real property that is owned by one (1) or both of the members of the couple and used by the couple as their principal place of residence.
>
>    (f) Notwithstanding subsection (a) to the contrary, an individual who has one (1) or more minor children in the individual's custody shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) on real property that is owned by the individual and used by the individual as a principal place of residence.

TENN. CODE ANN. § 26-2-301 (Supp. 2007). The issues raised in this contested matter concern the application of subsection (f), which became effective on June 27, 2007.

The parties have stipulated that the Debtors are married, are both younger than fifty-five years old, and have one minor child residing with them in the Residence. Additionally, it is undisputed that, at a minimum, the Debtors are entitled to a homestead exemption against the Residence of $7,500.00 pursuant to section 26-2-301(a). The dispute arises with respect to the Debtors' attempts

to each claim a $25,000.00 "individual" homestead exemption in the Residence under the authority of section 26-2-301(f).

"The cardinal rule of statutory construction is to effectuate legislative intent, with all rules of construction being [aids] to that end." *Browder v. Morris*, 975 S.W.2d 308, 311 (Tenn. 1998); *see also Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995) ("The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.").

> "In ascertaining the intent of the legislature, this Court may look to the language of the statute, its subject matter, the object and reach of the statute, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment." *State v. Collins*, 166 S.W.3d 721, 726 (Tenn. 2005) (internal quotation marks and citation omitted). We are entitled to presume that our General Assembly is knowledgeable about its prior enactments and knows the state of the law at the time it passes the legislation under construction. *Hicks v. State*, 945 S.W.2d 706, 707 (Tenn. 1997); *Wilson v. Johnson County*, 879 S.W.2d 807, 810 (Tenn. 1994).

*State v. Edmondson*, 231 S.W.3d 925, 927 (Tenn. 2007).

When the parties derive different interpretations from the statutory language, the court must determine if the language of the statute, after applying its ordinary and plain meaning, is ambiguous. *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998). "When interpreting statutes, a reviewing court must ascertain and give effect to the legislative intent without restricting or expanding the statute's intended meaning or application[, but if] the language of the statute is ambiguous, the court must examine the entire statutory scheme and the legislative history to ascertain and give effect to the legislative intent." *Galloway v. Liberty Mut. Ins. Co.*, 137 S.W.3d

Main Document    Page 6 of 10

568, 570 (Tenn. 2004); *see also Parks*, 974 S.W.2d at 679. In summary, as succinctly stated by the Tennessee Supreme Court,

> "Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language." *Schering-Plough v. State Bd. of Equalization*, 999 S.W.2d 773, 775 (Tenn. 1999). Statutes relating to the same subject or sharing a common purpose must be construed together ("in pari materia") "in order to advance their common purpose or intent." *Carver v. Citizen Utils. Co.*, 954 S.W.2d 34, 35 (Tenn. 1997). Ultimately, we seek the most "reasonable construction which avoids statutory conflict and provides for harmonious operation of the laws." *Id.; see also LensCrafters, Inc. v. Sundquist*, 33 S.W.3d 772, 777 (Tenn. 2000); *Cronin v. Howe*, 906 S.W.2d 910, 912 (Tenn. 1995).

*Frazier v. E. Tenn. Baptist Hosp., Inc.*, 55 S.W.3d 925, 928-29 (Tenn. 2001).

Subsection (f) of Tennessee's homestead exemption statute clearly provides that "[n]otwithstanding the provisions of subsection (a) to the contrary, an *individual* who has one (1) or more minor children in such *individual's* custody shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) upon real property that is *owned by the individual* and *used by the individual* as a principal place of residence." TENN. CODE ANN. § 26-2-301(f) (emphasis added). To ascertain the plain, ordinary meaning of this subsection, each word must be given effect as it is written. In doing so, it is clear that, rather than utilizing the basic $5,000.00 exemption available to an individual under § 26-2-301(a), an exemption capped at $25,000.00 may be claimed upon real property so long as the "principal residence" in question "is owned by" and "used by" an "individual" who has custody of at least one minor child.

In answer to the question of whether the General Assembly intended for the subsection to apply only to individual debtors with custody of one or more minor child or if it was to additionally

6

apply to married persons with custody of at least one minor child, the court finds it instructive that the singular term "individual" is used four separate times within the fifty-three words contained in subsection (f). Black's Law Dictionary defines "individual" as follows: "As a noun, this term denotes a single person as distinguished from a group or class[.]" BLACK'S LAW DICTIONARY 773 (6th ed. 1990). Nowhere in subsection (f) is the term "individual" pluralized, nor is there any other reference to more than a singular person. The choice of the singular term "individual" as opposed to the plural "individuals" or some other term that could easily be construed as meaning more than one person, as in the case of married persons, convinces the court that the statute says what it means and means what it says: the enhanced $25,000.00 homestead exemption may be claimed only by an individual debtor who (a) has custody of one or more minor children; and (b) owns the real property used by the individual debtor and the minor child(ren) as a principal place of residence.

This construction of the statute is also supported by an analysis of section 26-2-301, as a whole.

In subsection (a), a basic exemption of $5,000.00 is allowed to "an individual" upon real property "owned by the individual and used by the individual or the individual's spouse or dependent, as a principal place of residence." That amount is raised to an aggregate of $7,500.00 for "individuals who jointly own and use real property as their principal place of residence," which amount is "divided equally among them in the event the homestead exemptions are claimed in the same proceeding[,]" but the exemption falls back to $5,000.00 if only one of the joint owners is

involved in the proceeding.[4] TENN. CODE ANN. § 26-2-301(a). This subsection makes it clear that an individual debtor may claim a homestead exemption of no more than $5,000.00.[5] That exemption remains capped at $5,000.00 even when more than one debtor owns the residential real property, but only one of them is involved in the proceeding at issue, and only when joint debtors jointly own and use residential real property and are involved in the same proceeding may they increase the basic exemption to $7,500.00. However, this amount does not increase based upon the number of joint debtors involved, but is capped at $7,500.00, to be equally divided between the two joint debtors.

Subsection (e) then provides the first exception to the basic homestead exemption provided under subsection (a) by expanding the exemption for residential property owners sixty-two years of age or older. Under subsection (e), the exemption is raised as follows: (1) to $12,500.00 for an "unmarried individual" meeting the age requirement "upon real property that is owned by the individual"; (2) to $20,000.00 for a "married couple" in which only one of them has met the age requirement; and (3) to $25,000.00 for a "married couple" in which both persons meet the age requirement. Subsection (e) further designates, with respect to "married couples," that the residential real property be owned "by one (1) or both of the members of the couple and used by the couple as their principal place of residence."

---

[4] However, where the joint ownership is as tenants by the entirety and the proceeding involves only one of the individual tenants, that individual possesses only a right of survivorship in the residence. *See Arango v. Third Nat'l Bank (In re Arango)*, 992 F.2d 611, 613 (6th Cir. 1993) (citations omitted; construing Tennessee law). In bankruptcy, the homestead exemption may not be claimed in the survivorship interest by a debtor. *See In re Arwood*, 289 B.R. 889, 896 (Bankr. E.D. Tenn. 2003); *In re Dick*, 136 B.R. 1000, 1005-06 (Bankr. W.D. Tenn. 1992); *Stephenson v. Gen. Motors Acceptance Corp. (In re Stephenson)*, 19 B.R. 185, 189 (Bankr. M. D. Tenn. 1982).

[5] *See supra* n. 4.

8

Finally, as previously discussed and at issue here, subsection (f) raises the exemption to $25,000.00 for an "individual" upon a residence "that is owned by the individual" if that individual has custody of one or more minor children. This subsection does not, as the other subsections do, refer to "individuals who jointly" own the residence or to a "married couple" made up of two individual debtors. The court additionally notes that the General Assembly used the exact language ". . . upon real property that is owned by the individual and used by the individual as a principal place of residence" in subsection (f) that it used in subsection (e) concerning the individual debtor sixty-two years of age or older.

"[W]here the legislature includes particular language in one section of the statute but omits it in another section of the same act, it is presumed that the legislature acted purposefully in including or excluding that particular subject." *State v. Hawk*, 170 S.W.3d 547, 551 (Tenn. 2005) (quoting *Bryant v. Genco Stamping & Mfg. Co.*, 33 S.W.3d 761, 765 (Tenn. 2000)). Conspicuously missing from subsection (f) are any plural terms such as those then set forth in subsection (e) when the statute differentiates between an "individual" that meets the age requirement versus a "married couple" in which one or both are sixty-two years of age or in subsection (a) which references "individuals who jointly own . . . " and "joint owners."

Furthermore, reading the statute as a whole, and in reliance upon the plain, ordinary language of the terms utilized therein without the benefit of legislative history or advisory comments, it seems apparent that the purpose of enacting both subsections (e) and (f) was to offer protection in the form of heightened exemptions upon residential real property when two very limited age groups are implicated: those of retirement age or older and minor children. The General Assembly then limited

those protections further by imposing a minimum age of sixty-two years in subsection (e) and restricting subsection (f) to apply only to individual custodians of minor children.

In summary, the court finds that subsection (f) of the homestead exemption statute set forth in Tennessee Code Annotated § 26-2-301 provides a $25,000.00 enhanced homestead exemption only upon real property owned by an individual debtor having custody of one or more minor children so long as the real property is used by the individual debtor as a principal place of residence.[6] As such, the Debtors, who are married and who own the Residence jointly, cannot qualify as "an individual debtor" under subsection (f). They are not, therefore, entitled to claim the enhanced homestead exemption but are limited to the basic $7,500.00 homestead exemption allowed to joint debtors pursuant to section 26-2-301(a).[7]

An order consistent with this Memorandum will be entered.

FILED: February 8, 2008

> BY THE COURT
>
> /s/ RICHARD STAIR, JR.
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE

---

[6] Moreover, while various factors may affect the amount of a claimed exemption, there is nothing in the statute that gives rise to the notion that the homestead exemption can be used cumulatively. To the contrary, the statute clearly limits a debtor's application of the homestead exemption to one such amount upon a principal residence whereby it may not be combined or aggregated.

[7] The court notes the recent contrary ruling in *In re Staggs*, Ch. 13 Case No. 207-05267, slip op. (Bankr. M.D. Tenn. Jan. 16, 2008).